UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DESIREE FALTINE,

                              Plaintiffs,

                          -against-

CITY OF NEW YORK, POLICE OFFICER MILTON
BOWE and POLICE OFFICER JOSEPH PRITCHARD,

                              Defendants.

------------------------------------------------------------------- x

**ANSWER**

08 CV 1839 (DC)

**Jury Trial Demanded**

        Defendants City of New York ("City")[1] and Joseph Pritchard, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, alleges upon information and belief as follows:[2]

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint.

        3.    Deny the allegations set forth in paragraph "3" of the complaint.

        4.    Deny the allegations set forth in paragraph "4" of the complaint.

---

[1] Pursuant to the Affidavit of Service filed with the Court on April 1, 2008, service upon defendant City of New York was defective. It appears that plaintiff has served the City of New York at the Comptroller's office which is not proper service.

[2] Upon information and belief, the individual identified in the caption as "Police Officer Milton Bowe" was not served with process and therefore, is not a party to the action.

-2-

5.  Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.  Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant City is a municipal entity and respectfully refers the Court to the New York State Charter.

9.  Deny the allegations set forth in paragraph "9" of the complaint, except admit that Milton Bowe is employed by the City of New York as a police officer.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Joseph Pritchard is employed by the City of New York as a police officer.

11. Paragraph "11" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

12. Deny the allegation set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's office on or about July 19, 2007.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was taken to the Midtown South Precinct on or about January 15, 2006.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. In response to the allegations set forth in paragraph "77" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

80. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

81. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

82.     Defendant Joseph Pritchard has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

83.     At all times relevant to the acts alleged in the complaint, the duties and functions of the individual defendant Joseph Pritchard entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant is entitled to qualified immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

84.     There was probable cause for plaintiff's arrest/detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

85.     Plaintiff provoked any incident that occurred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

86.     Plaintiff's claims may be barred, in whole or in part, because he may have failed to comply with conditions precedent to suit.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

87.     Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the State of New York may be barred.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

88.  This Court lacks personal jurisdiction over Defendant City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

89.  At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

90.  Plaintiff may not recover punitive damages from defendant City of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

91.  To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

92.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE**, defendants City of New York and Joseph Pritchard request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        May 27, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                  City of New York
                              *Attorney for Defendant City of New York &*
                              *Joseph Pritchard*
                              100 Church Street
                              New York, New York  10007
                              (212) 788-8343

                              By_____
                                  Baree N. Fett (BF9416)
                                  Special Federal Litigation Division

TO:   Joseph Wright, Esq. (by ECF and Mail)
      *Attorney for Plaintiff*
      80 Maiden Lane, Suite 1902
      New York, New York 10038

## DECLARATION OF SERVICE BY MAIL

I, BAREE N. FETT declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on May 27, 2008, I served the annexed **ANSWER** upon the following plaintiff, by his attorney, Joseph Wright, Esq., by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's counsel at the address set forth below, being the address designated by said plaintiff for that purpose:

TO:  Joseph Wright, Esq. (by ECF and Mail)
     80 Maiden Lane, Suite 1902
     New York, New York 10038

Dated:   New York, New York
         May 27, 2008

_____
BAREE N. FETT

08 CV 1839 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESIREE FALTINE,

                                      Plaintiffs,

-against-

CITY OF NEW YORK, POLICE OFFICER MILTON BOWE and POLICE OFFICER JOSEPH PRITCHARD,,

                                      Defendants

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y.  10007

*Of Counsel: Baree N. Fett*
*Tel: (212) 788-8343*
*NYCLIS No. 2008007902*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................., 2008 . . .*

*................................................................ Esq.*

*Attorney for ...............................................*